UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NUMBER: 3:18-078 |
| v. | GOVERNMENT'S MOTION IN LIMINE #1 |
| RONALD ALLEN WRIGHT JORETTA JACKSON | |

The government would move *in limine* for a pre-trial ruling limiting inquiry into the specifics of the Defendants' purported belief system.

The government will object to the introduction into evidence documents and materials related to "Sovereign Citizen" ideology or the so-called "redemption theory" on the basis that these materials are irrelevant. The government is not seeking to suppress the defendant's ability to testify, present evidence, or argue about to his reliance on the materials. The government only seeks to prevent the introduction into evidence of the documents themselves. "Intent to defraud" is an element of count one of the indictment and willfulness is an element of count 3.

The government expects the defendant to argue that he did not have an intent to defraud if he acted pursuant to a good faith misunderstanding of the requirements of the law. Similarly, willfulness is an established tax defense under *United States v. Morris*, 20 F.3d 1111, 1114 (11th Cir. 1994). The government anticipates that the defense will attempt to draw a corollary between intent to defraud and his willfulness. As defined by the Supreme Court, willfulness connotes a "voluntary, intentional violation of a known legal duty." *Cheek v. United States*, 498 U.S. 192, 200-201 (1991). A defendant asserting a good faith defense is not required to have been objectively reasonable in his misunderstanding of his legal duties or belief that he was in compliance with the

law. *Cheek*, 498 U.S. at 202-203.

In applying a subjective standard, a jury may consider the reasonableness of the defendant's asserted beliefs in determining whether the belief was honestly or genuinely held. *Id*. at 202- 204. The Supreme Court, however, recognized that a **disagreement with the law** is not good faith. *Id*. at 202, n. 8 (emphasis added). Claims that the tax code is unconstitutional do not constitute good faith. *Id*. at 203. Such claims "do not arise from innocent mistakes caused by the complexity of the Internal Revenue Code" but "reveal full knowledge of the provisions at issue and a studied conclusion." *Id*. at 205. Accordingly, "a defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness and need not be heard by the jury, and, if they are, an instruction to disregard them would be proper." *Id*. at 206.

The significant evidentiary issue is the extent to which the court permits the defendants to introduce into evidence materials that contain incorrect statements of law or commentary on the law. To be clear, the United States does not object to the defendants' testimony about reliance on particular materials provided proper foundation is established. This requires foundation that the defendant actually relied upon the particular material during, or prior to, the alleged commission of the crime. *United States v. Marston*, 517 F.3d 996, 1003 (8th Cir. 2008); *United States v. Harris*, 942 F.2d 1125, 1132, n. 6 (7th Cir. 1991).

But admitting these underlying materials into evidence is neither warranted, nor necessary for the defendant to establish reliance. *See*, *e.g.*, *United States v. Gustafson*, 528 F.3d 587, 592 (8th Cir. 2008) (upholding, in tax case, exclusion of legal documents and purported legal opinions that the defendant said he relied upon on grounds that materials would be confusing and invade the province of the court to instruct the jury on the law); *United States v. Simkanin*, 420 F.3d 397, 412 (5th Cir. 2005) ("[T]he district court must be permitted to prevent the defendant's alleged view of

the law from confusing the jury as to the actual state of the law..."). Many courts have struck a reasonable balance in permitting the defendant to quote portions of third party materials if such materials are relevant to the issue of willfulness and if proper foundation is established. *United States v. Gaumer*, 972 F.2d 723, 724-25 (6th Cir. 1992) (opining that defendant should be permitted to read relevant excerpts of reliance materials into the record). As with the official source material, however, it is not necessary for the court to allow publication of legal authorities to the jury or offer them into evidence to rebut the government's evidence that he was willful. *See Simkanin*, 420 F.3d at 412; *see also United States v. Nash*, 175 F.3d 429, 436 (6th Cir. 1999) (affirming district court's refusal to physically admit certain reliance materials, where defendant was permitted to mention and quote from them); *Gaumer*, 972 F.2d at 725 (opining that trial court need not physically admit hundreds of pages of tax protest documents); *Willie*, 941 F.2d at 1395; *United States v. Hairston*, 819 F.2d 971, 973 (10th Cir. 1987) (holding that defendant's testimony, which included reading portions of tax protest materials, was more probative than the materials themselves). Moreover, although a jury may consider any evidence in determining whether the defendant truly believed that what he was doing was legal, the court need not admit every piece of evidence the defendant offers. *See Willie*, 941 F.2d at 1394-95.

    The government will object to the introduction into evidence documents and materials related to "Sovereign Citizen" ideology or the so-called "redemption theory" on the basis that these materials are irrelevant. To the extent this court admits any extrinsic evidence of this nature, such evidence should be admitted solely as to the defendant's state of mind and should be disregarded as a statement of law since it is an incorrect statement of law. *See, e.g., United States v. Ratfield*, 2009 WL 2502105 at *4-5 (11th Cir. 2009) (unpublished). In such an instance, an appropriate limiting instruction about the actual law would be appropriate.

SHERRI A. LYDON
UNITED STATES ATTORNEY


By: _s/ T. DeWayne Pearson___
T. DeWayne Pearson (Fed. Id. #10859)
Assistant U. S. Attorney
1441 Main Street, Ste. 500
Columbia, South Carolina 29201

Columbia, South Carolina
November 7, 2018