

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| RONALD ALLEN WRIGHT,, § |  |
| Petitioner, § |  |
| § |  |
| vs. § | CIVIL ACTION NO.  3:22-03273-MGL |
| § | CRIMINAL ACTION NO. 3:18-78-MGL |
| UNITED STATES OF AMERICA, § |  |
| Respondent. § |  |

**MEMORANDUM OPINION AND ORDER**
**DENYING PETITIONER'S 28 U.S.C. § 2255 MOTION TO VACATE**
**AND GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

### I.    INTRODUCTION

Petitioner Ronald Allen Wright (Wright), who is representing himself, brings this 28 U.S.C. § 2255 motion to vacate against Respondent United States of America (the government).  In response, the government filed a motion for summary judgment.

Having carefully considered the motions, the response, the record, and the relevant law, the Court will deny Wright's motion to vacate and grant the government's motion for summary judgment.

### II.    STANDARD OF REVIEW

In accordance with 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground . . . the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the [C]ourt was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum

>authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*Id.*

A one-year statute of limitation applies to motions to vacate under Section 2255, which runs from the latest of:

>(1)   the date on which the judgment of conviction becomes final;
>
>(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As to subsection 1 of Section 2255(f), "[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003).

A Section 2255 petitioner has ninety days from the entry of judgment to file a certiorari petition with the United States Supreme Court. *See* SUP. CT. R. 13(1), (3) (requiring certiorari petitions to be filed within ninety days after entry of a judgment, and explaining "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice).").

### III. PROCEDURAL HISTORY

A federal grand jury of the District of South Carolina returned a four-count indictment against Wright and a co-defendant, charging him with one count of conspiracy to commit wire and mail fraud in violation of 18 U.S.C. § 1349, two counts of attempting to interfere with the administration of internal revenue laws in violation of 18 U.S.C. § 7212(a), and one count of false statements, by filing a false tax return, in violation of 26 U.S.C. § 7206(1). The government subsequently moved to dismiss the two counts of attempting to interfere with the administration of internal revenue laws in violation of Section 7212(a), which the Court granted.

Nevertheless, the government incorrectly states "Wright was found guilty after jury trial on all counts of the indictment." Government's Response at 2. In fact, a jury found Wright found guilty on just the two remaining counts of the indictment: one count of conspiracy to commit wire and mail fraud and one count of false statements, by filing a false tax return. The Court sentenced him to 120 months imprisonment, and entered judgment.

Wright appealed his conviction and sentence to the Fourth Circuit, which affirmed both. It filed its opinion and judgment on March 13, 2020, and its mandate on April 6, 2020. Wright failed to file a petition for a writ of certiorari with the Supreme Court.

Wright placed the date of September 23, 2022 on his motion to vacate. The Clerk of Court entered the motion on that same date. Thus, the Court will construe the motion as having been filed on September 23, 2022.

### IV. DISCUSSION AND ANALYSIS

The government contends it is entitled to summary judgment because Wright's motion to vacate is time barred. Wright fails to present any convincing argument to the contrary.

As the government correctly points out,

> [b]ecause Wright does not allege an impediment to his discovery of the grounds for relief, or a new right recognized by the Supreme Court, or that his claims could not have been discovered through the exercise of due diligence, he had one year to file a motion challenging the conviction or sentence 'from . . . the date on which the judgment becomes final.'

Government's Motion at 3-4 (quoting 28 U.S.C. § 2255(f)(1)).

The government goes on to state "[t]he Fourth Circuit Court of Appeals issued its mandate and judgment as to Wright on April 6, 2020. Therefore, Wright was required to file his motion before April 6, 2021. He did not file his motion until September 23, 2022, approximately [eighteen] months past the deadline." *Id*. at 4 (citations omitted).

The government misapprehends the law. It is correct in recognizing the one-year statute of limitation applicable to Wright's motion to vacate began to run on "the date on which the judgment of conviction [became] final[.]" *Id*. at 3-4 (quoting 28 U.S.C. § 2255(f)(1)). But, it is wrong when it suggests judgment became final and the Section 2255 one-year-statute-of-limitations clock started to run when the Fourth Circuit's issued its mandate in Wright's case.

Instead, because Wright neglected to file a petition for a writ of certiorari with the Supreme Court, "[f]inality attaches . . . when the time for filing a certiorari petition expires[,]" *Clay*, 537 U.S. 527. Thus, because the Fourth Circuit issued its judgment on March 13, 2020, Wright's judgment of conviction because final ninety days later, on June 11, 2020.

But, because Wright waited until September 23, 2022, to file his motion to vacate, well past the one-year time limit for the filing of such motions, it is time barred. Accordingly, the Court will deny his motion to vacate and grant the government's motion for summary judgment.

Given these determinations, it is unnecessary for the Court to discuss the parties' remaining arguments. *See Dobbs v. Jackson Women's Health Org*., 597 U.S. 215, 348 (2022) (Roberts, C. J., concurring in judgment) ("If it is not necessary to decide more to dispose of a case, then it is necessary not to decide more."); *see also Karsten v. Kaiser Found. Health Plan of Mid-Atlantic*

*States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta.").

## V.    CONCLUSION

In light of the foregoing discussion and analysis, Wright's motion to vacate is **DENIED** and the government's motion for summary judgment is **GRANTED**.

In Wright's filings, he requests the Court be removed from this case. But, he neglects to present any factual or legal bases that would make the granting of his request proper. Thus, because he fails to establish a clear right to such relief, the request is **DENIED**.

Wright's motion to extend the time to file a reponse to the government's motion for summary judgment is **GRANTED**. All other motions are **RENDERED AS MOOT**.

To the extent Wright moves for a certificate of appealability, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 28th day of May, 2025, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

## NOTICE OF RIGHT TO APPEAL

Wright is hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.